### No. 3630.—G. Laroque Turgeau *v.* Jules Brady.

The appointment of a receiver for a corporation on an *ex parte* application, without even alleging its insolvency, is absolutely null, and carries with it no right to receive the assets or revenues of the company.

APPEAL from Seventh District Court, parish of Orleans. *Collens, J. Kountz & Elliot,* for plaintiff and appellant. *J. R. Curell,* for defendant and appellee.

WYLY, J. The plaintiff, as receiver of the Louisiana Petroleum and Coal Oil Company, sues the defendant for $3750 the balance remaining in his hands as President of the Louisiana Petroleum and Coal Oil Company.

The defendant excepted to the capacity of the plaintiff to bring the suit, alleging that the order appointing him receiver is null and void, and also that the Charter of the Louisiana Petroleum and Coal Oil

Company has never been declared forfeited, nor has any proceeding for that purpose been prosecuted contradictorily with said company.

The court maintained the exception, and dismissed the case as of nonsuit. The plaintiff appeals.

It appears that the plaintiff was appointed receiver on an *ex parte* application, and without any notice whatever to the Louisiana Petroleum and Coal Oil Company. The insolvency of the company was not alleged; on the contrary, in his brief the plaintiff affirms its solvency.

This appointment was an absolute nullity; and it is entirely immaterial whether or not the court dismissed the rule to have it so declared.

The court making the appointment was utterly without authority to do so on the *ex parte* application, in view of the fact that the corporation was solvent, and no proceeding instituted for the forfeiture of its character. The plaintiff has no right to the funds which he seeks to recover from the president of a solvent corporation. 16 An. 237; Ray's Digest, sections 688, 731; 5 An. 740; 12 An. 285; Hennen's Digest, 330, section 8.

Judgment affirmed. Rehearing refused.